## JOTHAM SALISBURY vs. JOHN M. GOURGAS, Jr.

In a suit against an attorney for neglecting to defend an action, his declarations made to the court when the action was called on for trial, that he had no defence to make, because his client, though requested to instruct him in a defence, had not done so, were admitted in evidence, and the jury were thereupon told by the judge that these declarations were not evidence of the truth of the facts stated, but were admitted to show the circumstances which occurred at the time of the alleged negligence. *Held*, that the declarations were properly admitted, subject to the limitation stated by the judge.

Upon the trial of the question, whether an assignee of an insolvent debtor could maintain trover, without proof of demand and refusal, against a vendee of goods sold by such debtor before he came under the operation of the insolvent laws, the court instructed the jury, that it was necessary, in order to support the action, that it should be proved, to their satisfaction, that the sale of the goods was fraudulent; that both the vendee and vendor concurred and united in the fraud; and that it was further necessary that it should be proved that the vendee converted the goods to his own use; and that demand and refusal constituted one mode, but not the only mode, of proving such conversion. *Held*, after a verdict finding that the action of trover was well maintained, that the instructions to the jury were correct.

THIS was an action of trespass upon the case against an attorney for neglecting to defend an action brought against the plaintiff by F. A. Kingsbury, assignee of Richmond Torrey, which was entered at September term 1844, and defaulted at the following December term.

At the trial in the court of common pleas before *Colby*, J. one ground of defence was, that the action of Kingsbury against the plaintiff could not have been successfully defended, and so, even if the defendant had been guilty of negligence, the plaintiff had not been damnified.

It appeared that said action, brought by Kingsbury against the plaintiff, was trover for articles of household furniture, and that the plaintiff claimed said articles by virtue of a bill of sale made to him by Richmond Torrey, about a year prior to said Torrey's application for the benefit of the insolvent law.

The present defendant offered evidence to show that said bill of sale was fraudulent against creditors; and this question was submitted to the jury, with instructions, that the burden of proof was on the defendant to show that the action of Kingsbury, assignee, against the present plaintiff, could not

have been successfully defended; and, if that were proved, that the present defendant was entitled to a verdict in his favor.

In the progress of the trial, the defendant produced the assignment, made by a master in chancery, to Kingsbury, in which was assigned all the property which said Torrey had on the 2d of April 1844, which was the day of his petition. The day of the first publication of notice that a warrant had issued against said Torrey was the 7th of said April.

On the question of the negligence charged against the defendant in not defending the said action against the plaintiff, a witness called by the defendant testified that, when that action was reached in the order of the docket, (it having been marked for trial,) the defendant stated to the court that he had been employed before the September court to make defence to the action; that it had been continued; that he afterwards saw Salisbury, (the plaintiff,) and told him he must call upon him (the defendant) about the 1st of December, and make up a list of witnesses, and instruct him in a defence; that the plaintiff had not called, and that he had not since seen him; that he (the defendant) had no means of defence, and no defence to make.

The introduction of this testimony was objected to by the plaintiff's counsel, but was allowed by the judge, who instructed the jury that it was not evidence of the truth of the facts stated, but was admitted to show the facts and circumstances which occurred at the time of the alleged neglect.

On the question of the validity of the conveyance of the household furniture by Torrey to the plaintiff, the plaintiff's counsel requested the judge to instruct the jury, that if they believed the bill of sale was a *bonâ fide* transfer of the property, so far as Salisbury, the plaintiff, was concerned, and that he was ignorant of any design, on Torrey's part, to defraud his creditors, a previous demand was necessary to enable Kingsbury to maintain his action.

The judge refused to give this instruction; but instructed the jury that the present defendant must prove, to their satis-

faction, that the supposed sale was fraudulent, and that both Salisbury and Torrey concurred and united in the fraud; and that it was further necessary to prove that Salisbury had converted the furniture to his own use ; and that demand and refusal constituted one mode, but not the only mode, of proving such conversion.

The jury found a verdict for the defendant, and the plaintiff alleged exceptions to the said rulings and instructions.

*W. Hilliard & Nutter*, for the plaintiff. The defendant's statement in court, when the action of Kingsbury against the plaintiff was called on for trial, was not legally admissible in his favor, inasmuch as its purpose and effect were to set up substantive matter of excuse and defence, the burden of proving which was on him. In *Haynes* v. *Rutter*, 24 Pick. 242, it was held that a recital by a person of his past transactions is not admissible in evidence.

The instruction prayed for by the plaintiff, as to the necessity of a demand on the plaintiff by Kingsbury, in order to maintain trover against the plaintiff, should have been given to the jury. In *Godefroy* v. *Jay*, 7 Bing. 413, it was held, that in an action against an attorney for negligence, in omitting to take any step in a defence, it is not necessary to show special damage, nor to show that the plaintiff had a good defence ; that it is for the attorney to show, if he can, that there was no defence. And it seems, from that case, that an attorney has not a discretion to omit putting in a plea where there is no defence, but that he ought to plead the general issue, and watch that the plaintiff proves his case. Now, if the defendant had so pleaded and watched, he might have prevented a judgment against the plaintiff, by reason of the failure of Kingsbury to prove a demand and refusal of the furniture. That such failure would have prevented a recovery in such a case, is settled by the case of *Nixon* v. *Jenkins*, 2 H. B. 135, in which it was decided, that if a trader, on the eve of bankruptcy, makes a collusive sale of goods, his assignees cannot maintain trover for them against the vendee, without proving a demand and refusal. The sale by Torrey to the plaintiff

was not void, either by the statutes of insolvency, or by the common law.   *Oriental Bank* v. *Haskins,* 3 Met. 332.

*J. J. Clarke,* for the defendant.   The defendant's statement to the court of his reason for not defending the action against the plaintiff was properly admitted, under the limitation given to it by the judge in his instructions.   Surrounding circumstances, termed *res gestæ,* may alway be shown to the jury, along with the principal fact; and their admissibility is determined by the judge, according to the degree of their relation to that fact, and in the exercise of his sound discretion.   Greenl. on Ev. § 108.   See also *Goodhue* v. *Hitchcock,* 8 Met. 62.   *Kilburn* v. *Bennett,* 3 Met. 201.   *Thorndike* v. *City of Boston,* 1 Met. 247.   In the case of *Haynes* v. *Rutter,* cited for the plaintiff, the declarations that were held inadmissible were made by one who might have been examined as a witness, and had been permitted to go to the jury as evidence of the truth of the facts declared by him.

As to the instruction prayed for by the plaintiff, the principle on which the plaintiff relied at the trial, and which was ruled in his favor, on the authority of *Godefroy* v. *Jay,* seems not to be sound, inasmuch as it requires the defendant to prove a negative.   No good reason is perceived why the plaintiff should not be obliged to prove affirmatively that he had a defence to Kingsbury's action against him.   If he had no defence, he suffered no legal damage by being defaulted, but was benefitted by a saving of costs.

Kingsbury's suit against the plaintiff might have been maintained without proof of a demand and refusal.   Where the circumstances show a conversion, a demand is unnecessary.   *Forsdick* v. *Collins,* 1 Stark. R. 173.   *Lovell* v. *Martin,* 4 Taunt. 801.   *Summersett* v. *Jarvis,* 6 Moore, 56, and 3 Brod. & Bing. 2.   An unlawful taking is a conversion, and renders a demand unnecessary.   *Badlam* v. *Tucker,* 1 Pick. 397.   *Thurston* v. *Blanchard,* 22 Pick. 20.   *Stevens* v. *Austin,* 1 Met. 557.   In the case at bar, the jury found that the transfer from Torrey to Salisbury was fraudulent, and that they concurred and united in the fraud, and that Salisbury

converted the furniture to his own use. It follows then, not only that a conversion was proved, but also that the plaintiff was guilty of a fraud on Torrey's creditors, not by legal implication merely, but knowingly and in fact; and this was a tortious act, as against those creditors, for which Torrey's assignee might maintain trover. In *Hurst* v. *Gwennap*, 2 Stark. R. 306, it was decided that the assignees of a bankrupt might maintain trover against one who bought goods of the bankrupt, after a secret act of bankruptcy, though the goods were bought on sale and return, and though the assignees demanded payment, as upon a sale of the goods. Lord Ellenborough said, "the very act of taking the goods from one who had no right to dispose of them was in itself a conversion." See also *Soames* v. *Watts*, 1 Car. & P. 400. *Yates* v. *Carnsew*, 3 Car. & P. 101. *Edwards* v. *Hooper*, 11 Mees. & Welsb. 363. *Bloxam* v. *Hubbard*, 5 East, 407, and 1 Smith, 487. These cases seem to have overruled that of *Nixon* v. *Jenkins*, which was cited for the plaintiff.

HUBBARD, J. In regard to the admission of the declarations of the defendant at the time the case of Kingsbury against Salisbury was called on for trial, we are of opinion that, subject to the limitation stated by the judge, they were properly received. The defendant, who was an officer of the court, was ·the attorney of record of the defendant. The case had been marked for trial and was called up in its order; and we think it was the duty of the defendant to state to the court why he did not defend the action, in justification of his own conduct as attorney of record in the suit. What he so stated was a fact of which we think he was entitled to the benefit, to show that it was not through carelessness and negligence on his part, at the time the cause was called on for trial, that the defendant was defaulted. But the declarations were not admitted by the presiding judge as evidence of the truth of the statement; and consequently if the cause had necessarily turned upon the proof of the truth of the facts stated by the defendant, and no other evidence establishing it had been offered by him, the plaintiff would have been entitled to a re-

covery against him. But we are not to presume that the jury overlooked or disregarded the directions of the judge, in the weight to be given to the evidence and the qualifications and limitations under which it was received. Here the declarations bore on a particular point, to wit, the denial of the charge of negligence in court, and to that point they were admissible, and the distinction attempted to be enforced between the declarations accompanying the transaction and those which were a recital of past transactions is not applicable. The whole statement constituted one transaction, so far as related to the simple charge of negligence in court.

The other point to which the ruling of the judge is objected to is, that in the original action of Kingsbury, assignee, against the present plaintiff, Salisbury, the assignee, in order to maintain his action, must have proved a demand and refusal.

In support of this objection, it has been argued that the sale by Torrey to Salisbury was not void either by our statutes of insolvency or at common law ; and a reference is made to the case of the *Oriental Bank* v. *Haskins*, 3 Met. 332. But in answer to this position, it is sufficient to say that the learned judge instructed the jury that the present defendant must prove that the supposed sale was fraudulent, and that both Salisbury and Torrey were united in the fraud. The court in fact required that the defendant should prove that the present plaintiff could not have been benefitted by a trial of the suit with the assignee ; herein adopting the opinion of the court in the case of *Godefroy* v. *Jay*, 7 Bing. 413, and 5 Moore & Payne, 284, which was cited by the plaintiff.

If the ruling of the judge was correct in requiring the defendant to prove that the plaintiff had not suffered by the default of his action, as was required in *Godefroy* v. *Jay*, then, if a demand and refusal were essential to be proved by the assignee in the case against Salisbury, to entitle him to a recovery in the action, the objection taken by the plaintiff's counsel is sustained by the case of *Nixon* v. *Jenkins*, 2 H. B. 135. But we think that the presiding judge was correct in ruling that a demand and refusal constituted one mode, but

not the only mode, of proving a conversion of property. That is a question dependent upon the nature of the taking and the mode of use. In the case of *Nixon* v. *Jenkins*, the court held that the action could not be maintained without a demand and refusal, because, when the sale was made, the parties were competent to contract, and there was no unlawful taking of the goods, though the transaction might be impeached by the assignees. But the law is well settled, that where there is an actual conversion, no demand is necessary. 2 Saund. 47 *b*. *Lovell* v. *Martin*, 4 Taunt. 801. And it is also clearly established, that a tortious taking is a conversion. *Beckwith* v. *Elsey*, Clayt. 112. *Summersett* v. *Jarvis*, 3 Brod. & Bing. 2. *Woodbury* v. *Long*, 8 Pick. 543. *Thurston* v. *Blanchard*, and *Blanchard* v. *Coolidge*, 22 Pick. 18, 151.

In the present case, the jury, by returning a verdict for the defendant, have in fact found that, in the transaction between Torrey and Salisbury, there was a conversion of the goods claimed by the assignee ; and as the evidence is not reported, we cannot now say that such finding was wrong, and that there should have been no recovery without proof of a demand and refusal in the original action.

Whatever were the merits of the transaction between the original parties, or whether Salisbury might have made a successful defence, or not, in the suit of the assignee against him, if it had been tried on evidence which he might have produced, we cannot judge. But upon the facts, as disclosed in the present action, we see no evidence of negligence on the part of the defendant, or that the judge ruled too favorably for him on the several questions which arose in the case.

*Exceptions overruled.*